IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHEMILY ORTIZ, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| vs. § | |
| § | |
| AETNA LIFE INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Aetna Life Insurance Company ("Aetna"), contemporaneously with the filing of this Notice of Removal (the "Notice"), is effecting the removal of the action described below from the District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. §§ 1332 and 1441(b).

**I.      PLEADINGS AND PROCESS**

1.      On July 7, 2021, Plaintiff Shemily Ortiz ("Plaintiff") commenced this action against Aetna by filing her original Petition in the District Court of Tarrant County, Texas, entitled *Shemily Ortiz v. Aetna Life Insurance Company*, Cause No. 348-326390-21 (the "State Court Action"). The crux of Plaintiff's Petition is that Aetna allegedly underpaid Plaintiff's claims for supplemental life and accidental death benefits under Policy No. 360035 (the "Policy"). In the Petition, Plaintiff seeks "monetary relief" in the amount of $250,000 "or less," but not less than $102,000. (Petition at ¶ 1 and 25(a) – (e)).

06071815.1

2. Attached hereto are true and correct copies of all the process, pleadings, notices, and orders delivered to any party in the State Court Action.

3. This Notice of Removal is being filed within 30 days of service of the initial pleading setting forth the claim for relief, and is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

4. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents are attached as Exhibits A through B.

    a. An index of all documents that clearly identifies each document that was filed in state court with a copy of the documents filed behind the index; and

    b. A copy of the docket sheet in the state court action.

## II.   DIVERSITY JURISDICTION

5. This action is a civil action of which this Court has original federal jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Aetna pursuant to the provisions of 28 U.S.C. § 1441(b) because there was at the time of filing of the State Court Action, and there is now, complete diversity of citizenship between Plaintiff and the Defendant, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs.

### A.   Citizenship of Plaintiff

6. Plaintiff is a citizen of Tarrant County, Texas. (Petition at ¶ 3).

### B.   Citizenship of Defendant

7. Aetna was at the time of the filing of the State Court Action, and is now, a corporation existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut. Aetna is, therefore, a citizen of Connecticut for purposes of this Notice. *See* 28 U.S.C. § 1332(c)(1).

C. **Amount in Controversy**

8. The amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interests and costs. Specifically, Plaintiff asserts causes of action for breach of contract and violations of the Texas Insurance Code in her Petition. (Petition at ¶¶ 22-33). Under these claims, Plaintiff seeks monetary relief over $100,000 but not more than $250,000. (*Id.* at ¶ 1 and 25(a) – (e)).

9. "To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition." *In re Anderson*, No. 4:13-CV-322-A, 2013 WL 3871104, at *1 (N.D. Tex. July 25, 2013) (citing *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2001)). "A defendant may show that the amount in controversy exceeds $75,000 either by: (1) demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Gutierrez v. Swift Transp. Co.*, No. EP-10-CV-406-KC, 2011 WL 318294, at *2 (W.D. Tex. Jan. 28, 2011).

10. Importantly, "[w]here the plaintiff seeks an amount that is a range of damages, that range may establish that it is facially apparent that the amount in controversy is met. . . . For instance, if a petition's entire range exceeds $75,000, then, clearly, it is facially apparent that the amount in controversy is met." *Cotton v. Kroger Texas L.P.*, No. 4:19-CV-730, 2019 WL 6878828, at *2 (E.D. Tex. Dec. 17, 2019). *See also Arriaga v. Midland Funding LLC*, No. 3:14-CV-04044-M, 2015 WL 567264, at *3 (N.D. Tex. Feb. 11, 2015) (finding that because the plaintiff's complaint expressly sought monetary relief "over $100,000 but not more than $200,000" for claims against co-defendants, the amount-in-controversy requirement was met).

11. Similar to the plaintiff in *Arriaga*, Plaintiff here expressly seeks monetary relief over $100,000 but not more than $250,000 against Aetna. Thus, it is facially apparent from the Petition that the amount in controversy is satisfied.

## IV. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

12. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the court in which the removed State Court Action was pending.

13. Aetna is not aware of any further proceedings that have occurred in the State Court Action.

14. A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed in the State Court Action with the District Court of Tarrant County, Texas.

15. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

16. The allegations of this Notice are true and correct, and this cause is within the jurisdiction of the United States District Court for the Northern District of Texas, and this cause is removable to the United States District Court for the Northern District of Texas.

17. In the event that questions should arise with regard to the propriety of the removal of the State Court Action, Aetna respectfully requests the opportunity to present a brief oral argument in support of the positions expressed herein.

Respectfully submitted,

*/s/ Josh B. Baker*
Josh B. Baker
(Texas Bar No. 24117370)
*jbaker@maynardcooper.com*

**OF COUNSEL**:
MAYNARD COOPER AND GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
(T) 205.254.1000
(F) 205.254.1999

*ATTORNEY FOR DEFENDANT*
*AETNA LIFE INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via e-mail to participating parties and/or via hand delivery, and/or facsimile, and/or certified mail, return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 10th day of August, 2021, to the following:

Mark S. Humphreys
Mark S. Humphreys, P.C.
702 Dalworth Street
Grand Prairie, Texas 75050
(T): (972) 263-3722
(F): (972) 237-1690
*Texaslaw94@yahoo.com*

                                                    */s/ Josh B. Baker*
                                                    OF COUNSEL